IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TERRELL MCGEE, SR.,**<br><br>        **Plaintiff,**<br><br>v.<br><br>**ALI M. SUMMERS, and**<br>**DANIEL KAPSAK,**<br><br>        **Defendants.** | Case No. 21-cv-01686-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

    Plaintiff Terrell McGee, an inmate in the custody of the Federal Bureau of Prisons and housed at Devens Federal Medical Center, filed this action alleging that Assistant United States Attorneys Summers and Kapsak violated his constitutional rights during his federal criminal proceedings. McGee has filed more than one complaint in this case. The first two complaints were stricken because they were not signed in accordance with Federal Rule of Civil Procedure 11. (Doc. 13, 21). McGee then filed three more complaints. (Doc. 25, 33, 38). As a plaintiff is only allowed to amend once as a matter of course, the third complaint was filed as a motion for leave to amend and is now pending before the Court. (Doc. 38). *See* FED. R. CIV. P. 15(a).

    Because the Court should freely permit a plaintiff to amend the complaint, the motion for leave to amend is **GRANTED**. *See Orix Credit Alliance, Inc. v. Taylor Machine Works, Inc.,* 125 F. 3d 468 (7th Cir. 1997). The Clerk of Court will be directed to file the proposed amended complaint submitted to the Court on June 22, 2022, as the "Second Amended Complaint." The Second Amended Complaint is the operative complaint in this action and is now before the Court for preliminary review under 28 U.S.C. § 1915A. Section 1915A requires the Court to screen

prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Second Amended Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## DISCUSSION

In the Second Amended Complaint, McGee alleges that Summers and Kapsak filed fraudulent charges against him on May 19, 2015. In February 2016, McGee signed a plea agreement and then later "declined" the agreement. Around February 28, 2016, McGee signed a second plea agreement "asking to think on it but later declined the agreement [on] March 2, 2016." On April 17, 2016, Summers falsely alleged that McGee entered into a plea agreement and presented to the district court the signed second agreement. He claims that Defendants' conduct violated his constitutional rights under Fourth, Sixth, and Fourteenth Amendments. McGee asks the Court to overturn his conviction and award him damages for his illegal confinement.

These allegations do not survive preliminary review, and this case must be dismissed for the following reasons. First, McGee cannot challenge his conviction in a civil suit. Habeas corpus is the sole federal remedy for an inmate who wishes to challenge the fact or duration of his confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973). Even where the inmate seeks monetary relief, as here, habeas is the only remedy when a decision in the inmate's favor would call his continued confinement into question. *Heck v. Humphrey*, 512 U.S. 477 (1994).

Second, Defendants Summers and Kapsak, as prosecutors, are immune from suit for conduct taken in the performance of their duties as part of the "judicial phase of the criminal process." *Imbler v. Pachtman,* 424 U.S. 409, 430 (1976). *See also Atkins v. Gilbert,* 52 F. 4th 359, 361 (7th Cir. 2022). This immunity is absolute and "shields prosecutors even if they act

maliciously, unreasonably, without probable cause, or even on the bases of false testimony or evidence." *Smith v. Power,* 346 F. 3d 740, 742 (7th Cir. 2003). Thus, McGee cannot sue Summers and Kapsak for initiating criminal proceedings against him and for alleged misconduct regarding the plea agreement negotiations.

Hall's claims are therefore dismissed, and the Second Amended Complaint does not survive review under Section 1915A. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile," *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018), but "courts have broad discretion to deny leave to amend where…the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). The defects of the Second Amended Complaint cannot be cured, and McGee will not be given leave to amend. However, to the extent his claims may be pursued in a habeas case or other proceedings, the Second Amended Complaint will be dismissed without prejudice.

### DISPOSITION

The Motion for Leave to File Complaint (Doc. 38) is **GRANTED.** The Clerk is **DIRECTED** to file the complaint submitted to the Court on June 22, 2022, as the "Second Amended Complaint."

For the reasons stated, the Second Amended Complaint does not survive preliminary review pursuant to Section 1915A. The Second Amended Complaint and this entire case are **DISMISSED without prejudice** for failure to state a claim for relief.

McGee may appeal this Order by filing a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If he does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan*

*v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish,* 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

McGee is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable. 28 U.S.C. § 1915(b)(1); *Lucien*, 133 F.3d at 467.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:   November 15, 2022

    *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**